

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

GROVER SELLERS
XXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Dear Sir:

Opinion No. 0-7070
Re: Exemption and rates of tax
applicable to a city in
computing inheritance taxes.

　　　　We are in receipt of your letter of January 28,
1946, which requests the opinion of this Department as to the
exemption and rate of tax applicable to Bay City, Texas, in
computing inheritance taxes arising from a transaction with
V. L. Le Tulle, deceased.

　　　　A close examination of ths inheritance tax statutes
shows that no tax is laid upon a city. A city cannot possibly
come within any of the classes taxes except Class E--Foreign
bequest, the applicable portion of which reads as follows:

　　　　"If passing to or for the use of the United
　　States, to or for the use of any other person or religious,
　　educational or charitable organization or institution,
　　or to any other person, corporation or association not
　　included in any of the classes mentioned in the preced-
　　ing portions of the original Act known as Chapter 29
　　of the General Laws of the Second Called Session of
　　the Thirty-eighth Legislature, the tax shall be: . . ."
　　(Emphasis ours)

　　　　Section 4, as preceding portion of the original Act,
mentions and lays an inheritance tax upon cities although
subsequent legislative revisions of the inheritance tax
statutes resulted in the omission of cities from any of the
classes taxed.

　　　　Therefore, you are advised that since a city does not
come within any of the classes taxed neither the estate of V. L.
Le Tulle nor the city of Bay City, Texas, is liable for any in-
heritance tax arising from the transaction about which you
inquired.

WHE:ma/pam
APPROVED MAR 13 1946
Carlos Ashley
First Assistant
Attorney General

Yours very truly

ATTORNEY GENERAL OF TEXAS

By　Woodrow H. Edwards
　　Assistant

THIS OPINION CONSIDERED AND APPROVED IN LIMITED CONFERENCE